UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BRENDA SIVAK,
*Executrix of the Estate of James Sivak*,

    Plaintiff,

vs.

RK HOLDINGS, LLP,
*doing business as*
Rural King,

    Defendant.

Case No. 3:21-cv-318

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) DENYING DEFENDANT'S MOTION TO STRIKE (Doc. No. 31); (2) GRANTING PLAINTIFF'S MOTION TO AMEND HER COMPLAINT (Doc. No. 25); (3) REQUIRING COUNSEL FOR THE PARTIES TO MEET AND CONFER AND FILE, BY SEPTEMBER 12, 2024, A JOINT PROPOSED SCHEDULING CONTAINING PROPOSED DEADLINES FOR COMPLETING DISCOVERY IN THE NEAR FUTURE AND FOR FILING DISPOSITIVE MOTIONS ; AND (4) REQUIRING THE PARTIES TO INDICATE IN THEIR PROPOSED SCHEDULING ORDER WHETHER THEY WOULD LIKE TO MEDIATE THIS CASE WITH MAGISTRATE JUDGE CAROLINE H. GENTRY**

---

Plaintiff's complaint asserts a single federal claim under the Family and Medical Leave Act. Doc. No. 4 at PageID 31-34.  The case is presently before the Court upon Plaintiff's motion to amend her complaint (Doc. No. 25), Defendant's memorandum in opposition (Doc. No. 30), and Plaintiff's reply (Doc. No. 32).  The Court *sua sponte* grants, for good cause shown, Defendant leave to file its supplemental response in opposition (Doc. No. 41), and *sua sponte* grants, for good cause shown, Plaintiff leave to file a surreply (Doc. No. 42).[1]  Plaintiff's motion to amend her complaint seeks to add claims of disability discrimination under the Americans with Disabilities Act and the corollary

---

[1] Defendant's supplemental response in opposition to Plaintiff's motion to amend complaint (Doc. No. 41) and Plaintiff's surreply (Doc. No. 42) were filed without first obtaining leave of Court in violation of S.D. Ohio Civ. R. 7.2(a)(2).

state law, Ohio Rev. Code §§ 4112.02, *et seq*.

The case is also before the Court upon Plaintiff's amended complaint (Doc. No. 27), Defendant's motion to strike the amended complaint (Doc. No. 31); Plaintiff's memorandum in opposition (Doc. No. 33); and Plaintiff's reply (Doc. No. 33).

The Court freely grants a motion to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court, however, "may deny a plaintiff leave to amend his or her complaint . . . when the proposed amendment would be futile." *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006) (citing *Yuhasz v. Brush Wellman, Inc.,* 341 F.3d 559, 569 (6th Cir. 2003)). Although denial of leave to amend may be warranted in certain other circumstances, Rule 15(a) sets forth a "liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)).

The focal point of the parties' present dispute is Plaintiff's amended complaint (Doc. No. 27), which the Court liberally construes in her favor as a proposed amended complaint.[2] *See Roskam Baking Co., Inc. v. Lanham Mach. Co., Inc*., 288 F.3d 895, 906 (6th Cir. 2002) ("the district court must be able to determine whether 'justice so requires,' and in order to do this, the court must have before it the substance of the proposed amendment"). Although Defendant raises many arguments challenging Plaintiff's request to amend her complaint, the ends of justice will be served by allowing her to amend. This is partly because Plaintiff's proposed amended complaint contains sufficient factual allegations to raise plausible claims of disability discrimination and retaliation under the

---

[2] Defendant seeks an Order striking Plaintiff's amended complaint because she filed it without first obtaining leave of court. There is no doubt that Plaintiff should have obtained leave of Court before filing her amended complaint as required by Fed. R. Civ. 15(a)(2), or she should have captioned her amended complaint as a "proposed amended complaint." Yet, in the present case, it would be an unduly harsh and overly technical outcome to strike her amended complaint or deny her motion to amend because of this procedural misstep. *Cf. Miller v. American Heavy Lift Shipping,* 231 F.3d 242, 248 (6th Cir. 2000) ("Th[e] fundamental tenor of the Rules is one of liberality rather than technicality …").

Americans with Disabilities Act and Ohio law.  *See* Doc. No. 27 at PageID 154-59; *see also Fields v. Bastech, Inc.*, No. 3:19-cv-135, 2020 WL 832102, at *4 (S.D. Ohio Feb. 20, 2020) ("Where, as here, the proposed amendment is plausible on its face and where there exist substantial arguments on whether or not plaintiff will ultimately prevail on the new claim, the amendment should be permitted" (cleaned up)).  Additionally, the record reveals no conduct by Plaintiff indicating she acted in bad faith or held a dilatory motive by seeking to file an amended complaint.  *See Riverview Health Inst., LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) ("[A] motion to amend may be denied where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

Accordingly, Defendant's motion to strike is **DENIED**, and Plaintiff's motion to amend her complaint is **GRANTED**.  Counsel for the parties are **ORDERED** to **MEET AND CONFER** and **FILE**, by September 12, 2024, a joint proposed Scheduling Order containing proposed deadlines for completing discovery in the near future and for filing dispositive motions.  The parties should also indicate in their proposed Order whether they would like to mediate this case with Magistrate Judge Caroline H. Gentry.[3]

    **IT IS SO ORDERED.**

August 29, 2024                          s/*Michael J. Newman*
                                                  Hon. Michael J. Newman
                                                  United States District Judge

---

[3] It is the Court's practice not to set a trial date in civil cases until after reviewing motions for summary judgment.  Following summary judgment review, the Court will set final pretrial and trial dates, if appropriate.  The Court is aware that the parties previously met with Judge Gentry on June 10, 2024 and agreed that mediation would not be fruitful at that time.  *See* Minute Entry docketed on June 10, 2024.