UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BRENDA SIVAK,
*Executrix of the Estate of James Sivak*,

    Plaintiff,

vs.

RK HOLDINGS, LLP,
*doing business as*
RURAL KING,

    Defendant.

Case No. 3:21-cv-318

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvan, Jr.
(mediation referral)

---

**ORDER: (1) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 57); (2) REFERRING THE CASE TO MAGISTRATE JUDGE PETER B. SILVAIN, JR. FOR THE PURPOSE OF ASSIGNING THIS CASE FOR MEDIATION; AND (3) REQUIRING THE PARTIES TO PARTICIPATE IN GOOD FAITH IN THE MEDIATION CONFERENCE(S)**

---

This is an employment discrimination case. Plaintiff James Sivak sued his former employer, Defendant RK Holdings, LLP ("Rural King"), after it fired him from his assistant store manager position at its Huber Heights, Ohio store location. *See* Doc. No. 4. Tragically, during the course of litigation, Mr. Sivak passed away on December 31, 2022. Doc. No. 36. Brenda Sivak, the executrix of Mr. Sivak's estate, was substituted as Plaintiff in this matter. Doc. No. 40. Plaintiff sues Rural King, claiming retaliatory termination in violation of the Family Medical Leave Act ("FMLA"); disability discrimination under the Americans with Disabilities Act ("ADA"); failure to accommodate his disability under the ADA; and multiple state-law claims.[1]

---

[1] Each of Plaintiff's federal claims for compensatory damages survive Mr. Sivak's death. Under the federal common-law rule for the survivability of statutory causes of action, "'remedial' claims—*i.e.,* claims to compensate the plaintiff—survive a party's death, whereas 'punitive' claims—*i.e.,* claims to punish the defendant—do not." *Haggard v. Stevens*, 683 F.3d 714, 717 (6th Cir. 2012) (*citing Murphy v. Household Fin. Corp.*, 560 F.2d 206, 208–09, 211 (6th Cir. 1977)); *see Turner v. Sullivan Univ. Sys., Inc.*, 420 F. Supp.

Doc. No. 27. This civil case is before the Court on Rural King's motion for summary judgment. Doc. No. 57. Plaintiff responded (Doc. No. 59), and Rural King replied (Doc. No. 60). Thus, the motion is ripe for review.

## I.

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that no genuine issue of material fact is present, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex*, 477 U.S. at 323; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "[t]he non-moving party … may not rest upon [its] mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citations omitted). "[T]here is no duty imposed upon the trial court to 'search the

---

2d 773, 780-81 (W.D. Ky. 2006) (finding husband of deceased employee could revive employee's FMLA claims because the FMLA is remedial in nature); *Pokorney v. Miami Valley Career Tech. Ctr.*, No. C-3-94-247, 1997 WL 1764769 (S.D. Ohio Mar. 31, 1997) (concluding that claims brought under the ADA survive the death of the employee).

entire record to establish that it is bereft of a genuine issue of material fact.'" *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992) (citations omitted). Instead, "the free-ranging search for supporting facts is a task for which attorneys in the case are equipped and for which courts generally are not." *Id.* at 406.

## II.

The Court, after fully and carefully reviewing the record, finds there are genuine disputes of material fact regarding Plaintiff's claims that cannot be resolved on summary judgment. The Court shall not enter "the jury box to consider the credibility of witnesses and evidence in resolving conflicts of material fact in disposing of the summary judgment motion[s]" here, considering that the jury has the best vantage point to decide these issues. *Flynt v. Brownfield, Bowen & Bally*, 882 F.2d 1048, 1053 (6th Cir. 1989) (Krupansky, J., dissenting). Among other genuinely disputed material facts, a genuine dispute exists concerning whether Rural King requested additional documentation from Mr. Sivak to support his ongoing leave of absence and his estimated return to work. *See Lansing Dairy, Inc.*, 39 F.3d at 1347. *Compare* Doc. No. 29 at PageID 194-95 *with* Doc. No. 55 at PageID 444. Rural King is thus not entitled to judgment as a matter of law.

## III.

Accordingly, the Court **DENIES** Rural King's motion for summary judgment. Doc. No. 57. Pursuant to 28 U.S.C. § 636(c) and S.D. Ohio Civ. R. 16.3(a)(1), this case is hereby **REFERRED** to Magistrate Judge Peter B. Silvain, Jr., as mediation coordinator, for the purpose of assigning this case for mediation. This case may be assigned for mediation to a United States Magistrate Judge or to an outside mediator. The Court **ORDERS** the parties to participate in good

faith in the mediation conference(s).  The date for the mediation conference(s) shall be arranged directly with the assigned mediator.  Trial, if needed, shall be scheduled thereafter.[2]

    **IT IS SO ORDERED.**

<u>November 14, 2025</u>                                     s/*Michael J. Newman*
                                                                        Hon. Michael J. Newman
                                                                        United States District Judge

---

[2] The Court is inclined to dismiss without prejudice Plaintiff's state law claims as duplicative but will allow oral argument on this issue, if needed, at the final pretrial conference.